## (October 31, 1974)

■ In the Matter of BEATRICE MAURER, Appellant, v. TERMINAL SERVICE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, filed September 1, 1972, which determined that the claimant was not dependent for her support upon the deceased employee and, therefore, reversed the decision of a referee insofar as it awarded claimant death benefits for such a dependency. On April 29, 1970 the deceased employee died as a result of injuries arising out of and in the course of his employment. He was the son of the present claimant and, prior to his death, had lived with his parents and given his mother about $25 to $30 each week. These sums were applied toward the expenses of maintaining the household and, when his mother instituted this claim after his death, she sought benefits because of her alleged dependence on her departed son for partial support. The sole question presented on this appeal is whether substantial evidence supports the board's finding that claimant was not dependent upon her son so as to be entitled now to an award of support. Questions of dependency and contributions are factual in nature and the board's determination thereof should not be disturbed, if supported by substantial evidence (*Matter of Mattis* v. *International Paper Co.*, 34 A D 2d 1066). In the instant case, we find in the record substantial evidence supportive of the board's finding and justifying a determination that any payments by the deceased failed to exceed a reasonable contribution for his own housing and maintenance (cf. *Matter of Carey* v. *Town of Conklin*, 14 A D 2d 978). Accordingly, the board's decision must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.